# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

PATRICIA LYNN WIESZCIECINSKI,

                                        CASE NO. 14-CV-14695

       *Plaintiff*,

                                          DISTRICT JUDGE THOMAS L. LUDINGTON

*v.*                                   MAGISTRATE JUDGE PATRICIA T. MORRIS

ALBERT ALFRED GOULETTE,
CANDICE MARIE WIESZCIECINSKI,
BRUCE OLIVER WEISS, and
DANIEL JORGENSEN,

       *Defendants*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

## I.     RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte*

**DISMISSED** because Plaintiff has failed to state a claim upon which relief can be granted.

## II.     REPORT

### A.    Introduction

On December 11, 2014, Plaintiff Patricia Wieszciecinski filed this *pro se* action which

consists of a one-page document listing the names and addresses of the above-captioned

Defendants. (Doc. 1 at 1.) There are no factual allegations or other statements made on the

document. The civil cover sheet contains many checked boxes as to the nature of the suit, including

recovery of overpayment and enforcement of judgment, Medicare Act, Personal injury - medical

malpractice, personal injury, product liability, other fraud, rent lease and ejectment, housing/accommodation, and SSID Title XVI. (Doc. 1 at 2.)

Plaintiff's application to proceed without prepayment of fees was granted on January 8, 2015. (Doc. 4.) Pursuant to the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915(a)(1), and the case was referred to the undersigned magistrate judge for pretrial proceedings on December 23, 2014. (Doc. 3.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

**B.      Screening Procedure and Standards**

In enacting the original IFP statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and that it *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing

that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two ways this Court can obtain jurisdiction over such a case; first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000.

## C.    Analysis & Conclusion

Plaintiff did not check a box indicating a purported basis for this court's jurisdiction. Plaintiff's complaint could not allege diversity of citizenship under §1332 because both Plaintiff and Defendants are citizens of Michigan. In addition, Plaintiff does not allege any federal question jurisdiction under 28 U.S.C. §1331. Plaintiff does not state any factual allegations in her complaint through which any cause of action, let alone a federal cause of action, could be implied.

Accordingly, the complaint fails to state a basis for this court's exercise of subject matter jurisdiction and fails to state a claim upon which relief can be granted. Accordingly, the case should be dismissed. Fed. R. Civ. P. 12(b)(6) and (h)(3).

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same

order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 8, 2015                              /S PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge